*May Term, 1855.*

THE INDIANA CENTRAL RAILWAY CO. v. ATKINSON.

---

THE INDIANA CENTRAL RAILWAY COMPANY *v.* ATKINSON.

A railroad act provided for an appeal from the judgment of a justice of the peace, on an assessment of damages for land taken, &c., "as in other cases." *Held*, that by reducing the plaintiff's judgment five dollars or more on the appeal, the appellant was entitled to costs.

ERROR to the *Hancock* Circuit Court.

PERKINS, J.—*George Y. Atkinson* made the following claim to damages, before *John Rardin*, a justice of the peace of *Hancock* county, against the *Indiana Central Railway Company.*

*Monday, May 28.*

May Term,
1855.

THE INDIANA
CENTRAL
RAILWAY Co.
v.
ATKINSON.

" The complainant makes and files his statement of damages as follows, to wit: *George Y. Atkinson* claims of the *Indiana Central Railway Company* for right of way through the west half of the north-east quarter of section two, in township fifteen north, of range seven east, also the east half of the north-west quarter of section two, in township fifteen north, of range seven east, situate in the county of *Hancock*, and state of *Indiana*, the following damages, to-wit:

| | |
|---|---:|
| For four and a quarter acres of cleared land, at 50 dollars per acre, | $212 50 |
| For two acres of corn and a quarter of an acre of wheat, | 18 00 |
| For moving 120 rods of fence, | 15 00 |
| For making and building 80 rods of new fence, and keeping it up for all time to come, | 100 00 |
| For cutting off from stock water 23 acres of cleared land, | 50 00 |
| For cars frightening my horses while cultivating five fields that will border on the road, | 50 00 |
| Total damage, | $445 50 |
| CR.: For supposed benefits that may or might accrue to me if the railway should, in course of time, be completed, | 100 00 |
| Balance claimed from company, | $345 50 " |

The parties appeared before the justice, agreed upon three men as appraisers, who examined the premises, &c., and awarded *Atkinson* 150 dollars, for which sum the justice rendered judgment, *June* 21, 1851. The company appealed to the Circuit Court, where there was a jury trial, resulting in a verdict and judgment for *Atkinson*, the plaintiff, of 60 dollars. · The defendant thereupon moved the Court to tax the costs of the cause against the plaintiff; the Court denied the motion; and the defendant excepted. The correctness of the ruling upon this motion is the only point presented by counsel in their briefs. We examine it.

In *January*, 1847, the charter of the *Terre-Haute and*

*Richmond Railroad Company* was granted, the fifteenth section of which provided for the assessment of damages for land taken, &c., before a justice of the peace, on the report of twelve men, instead of three, and authorized an appeal to the Circuit Court " as in other cases," where a re-assessment of damages, on the report of viewers, &c., might be had, and made the judgment of the Court.

May Term,
1855.

THE INDIANA
CENTRAL
RAILWAY Co.
v.
ATKINSON.

In 1851, the portion of the road contemplated by the above company, extending from *Indianapolis* to the *Ohio* state line, was placed under the authority of a separate corporation called the *Indiana Central Railway Company*, to which was given all the general powers, rights, &c., of the *Terre-Haute and Richmond Railroad Company*.

The appeals, then, from these assessments of damages before justices of the peace, being like " as in other cases," we must look to the general practice for the rules governing them. According to those rules, where, on an appeal from the judgment before the justice to the Circuit Court, the judgment for the plaintiff is reduced 5 dollars or more, the defendant recovers costs. Such being the practice, the defendant should have recovered costs in this case, as the judgment for the plaintiff before the justice was reduced in the Circuit Court in a greater amount than 5 dollars.

The practice, in the case, it will be observed, did not, in regard to the persons assessing the amount of damages before the magistrate, correspond with the statute, but no objection was taken by either party.

The case is argued in this Court upon the question of costs alone, and we decide no other.

The right of appeal to this Court in this class of cases has been settled heretofore. 3 Ind. 253.

*Per Curiam.*—The judgment is affirmed, except as to the costs, which the Circuit Court is directed to award against *Atkinson*.

*D. S. Gooding*, *T. A. Hendricks* and *C. H. Test*, for the plaintiffs.

*T. D. Walpole*, for the defendant.